# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| RAYMOND DANIEL DENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV408-144 |
| | ) | |
| JAMES D. SNIDER, JEFF DAVIS, | ) | |
| and DALE ASPINWALD, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Raymond Dent, who is confined as a pre-trial detainee at Liberty County Jail, filed this 42 U.S.C. § 1983 action on July 25, 2008. (Doc. 1.) On July 28, 2008, the Court granted Dent leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. (Doc. 3.) The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. (Id.) Dent has returned the two forms; the case is therefore ready to proceed. (Docs. 4 & 5.)

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA),

Pub. L. No. 104-134, 110 Stat. 1321–71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening of any civil complaint in which a detainee seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the detainee's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Therefore, the Court will examine Dent's complaint to determine whether he has stated a colorable claim for relief under 42 U.S.C. § 1983.

Dent alleges that Detectives Snider and Davis have deliberately withheld discoverable evidence in his state criminal prosecution for armed robbery, resulting in an "unlawful prosecution." (Doc. 1 at 5-6.) He also calls into question the validity of his arrest warrant. (Id.) As relief, he asks the Court for "compensation for this malicious prosecution, and freedoms I have been deprived of, along with . . . any further relief as the court deems

just, necessary and proper. . . ."[1] (Id. at 7.)

Dent's action is premature. Under Younger v. Harris, 401 U.S. 37 (1971), a federal court may not grant injunctive relief where the result would undermine or unduly interfere with a concurrent state court proceeding.[2] Id. at 41. The Eleventh Circuit has indicated its approval of

---

[1] Due to the grammatical construction of Dent's request for relief, it is unclear whether he seeks damages "for the freedoms [he has] been deprived of" or freedom itself. Based upon the facts of his complaint, it appears that first construction is the correct one. But if he seeks release from confinement, his claim cannot be brought pursuant to § 1983. When a state detainee challenges the fact (rather than conditions) of his confinement and seeks immediate or speedier release from custody as relief, "his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1261 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003). As Dent is a pre-trial detainee, he must seek habeas relief pursuant to 28 U.S.C. § 2241. Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (habeas application filed by state pre-trial detainee is "'governed by § 2241 only'"); Stacey v. Warden, Appalachee Corr. Inst., 854 F.2d 401 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). However, before a petitioner can pursue federal habeas relief in this Court, he must first exhaust his state court remedies. While § 2241 does not contain an exhaustion requirement resembling that found in 28 U.S.C. § 2254, the common law exhaustion requirement codified in § 2254(b) "applies to all habeas corpus actions," including § 2241 petitions. Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973); Thomas, 371 F.3d at 812 ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring); Morgan v. St. Lawrence, 2007 WL 1812630, at *2 (S.D. Ga. June 19, 2007). Dent does not allege that he has given the state courts a full and fair opportunity to review his claims. Accordingly, he cannot yet bring a federal habeas petition.

[2] The Supreme Court stated that the rule in Younger should be applied unless there is a "great and immediate" danger of irreparable harm to be suffered as a result of the state criminal prosecution. Younger, 401 U.S. at 46. However, "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." Id. Dent does not allege that he would suffer any

3

applying the Younger doctrine to § 1983 actions for money damages. Doby v. Strength, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (ordering district court to abstain from resolving merits of petitioner's claim until state conviction reviewed by Georgia Court of Appeals); Scheuerman v. City of Huntsville, 373 F. Supp. 2d 1251, 1255 (N.D. Ala. 2005); Gilbertson v. Albright, 381 F.3d 965, 979 n.13 (9th Cir. 2004) (noting that every circuit that has addressed the issue, aside from the Fifth Circuit, have recognized that "Younger principles apply "in some fashion" to damages actions); see Heck v. Humphrey, 512 U.S. 477, 487 n.8 (1994) ("if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings").

Dent's complaint calls into question the legitimacy of his arrest warrant and the alleged withholding of exculpatory evidence by state agents in a pending state criminal proceeding. Any decision by this Court could substantially interfere with, and potentially undermine, the results reached in the state court proceeding. In such cases, it is the common practice of

---

irreparable harm.

federal courts to stay the federal proceeding until the criminal case has ended. Wallace v. Kato, 127 S.Ct. 1091, 1098 (2007); Quackenbush v. Allstate Ins. Co., 517 U.S. 703, 730 (1996) (holding that for a claim for damages, the parallel federal action should be stayed rather than dismissed); Pompey v. Broward County, 95 F.3d 1543, 1552 n.12 (11th Cir. 1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles."). Accordingly, the Court recommends that this case be **STAYED** until Dent's state court criminal proceedings are complete. At that time, Dent shall file a motion with the Court to proceed with the instant action, informing the Court of the outcome of his criminal trial and appeal. He must update the Court on the progress of his case every 6 months. If he fails to do so, the Court will recommend dismissal of this action for failure to prosecute.

Additionally, Dent names the state magistrate who issued the arrest warrant, Dale Aspinwald, as a defendant. (Doc. 1 at 1.) Judges enjoy absolute immunity from liability for their judicial acts. "It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free

to act upon his own convictions, without apprehension of personal consequences to himself." Bradley v. Fisher, 13 Wall. 335, 347 (1872). Judicial immunity provides immunity from suit itself, not merely from the ultimate assessment of damages. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Judicial immunity remains intact despite allegations that the act was taken in error, done maliciously, or in excess of authority. Stump v. Sparkman, 435 U.S. 349, 356 (1978). Consequently, Judge Aspinwald should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 15 day of August, 2008.

s/ G. R. SMITH<br>
**UNITED STATES MAGISTRATE JUDGE**<br>
**SOUTHERN DISTRICT OF GEORGIA**